plaintiff to charge to its account certain purchases made by the Beck Pacific Lamp Company. In order to establish its defense the defendant introduced in evidence over the plaintiff's objection two letters, written by the Beck Company to the plaintiff, containing statements which tended to negative the plaintiff's claim. These declarations, made by a total stranger to the action, were in no way binding upon the plaintiff, and the letters should have been excluded. While the effect of these letters upon the result is problematical, it was sufficiently prejudicial to the plaintiff's case to call for a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

## MINSKY v. STRANSKY.

### (Supreme Court, Appellate Term. May 17, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS.

Supplementary proceedings may be maintained against a judgment debtor in a judgment against him, though his true Christian name is unknown; but, where the parties agree on the true name, the proceedings will be deemed amended, and the subsequent proceedings will be taken under the true name.

Appeal from City Court of New York, Special Term.

Action by one Minsky against one Stransky. From an order denying a motion to vacate an order requiring defendant as judgment debtor to submit to examination in supplementary proceedings, he appeals. Affirmed.

The following is the opinion of the court below:

The affidavit recites the recovery of a judgment against the defendant; that the judgment was duly docketed in the office of the clerk of the Municipal Court; that thereafter a transcript of said judgment was duly filed, and said judgment was duly docketed in the New York county clerk's office, and that thereafter an execution was duly issued out of the Supreme Court to the sheriff of New York county against the property of the judgment debtor, and the same has been returned wholly unsatisfied and the judgment remains wholly unpaid; that at all times the debtor resided and still resides in said county. There is no direct proof submitted hereon as to the true name of the judgment debtor. The statement as to what he said upon the trial and what the creditors' attorney has sworn to with respect thereto does appear, but there is lacking a direct statement as to the true name. If, however, it is agreed between the parties that the true name of the debtor is "Maurice I. Strunsky," then an order may be presented providing that the proceedings be deemed amended and that all subsequent proceedings be taken under the true name.

Motion denied, with $10 costs, and debtor directed to appear and submit to examination on a day to be fixed in the order hereon. Settle order on one day's notice.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

PER CURIAM. Order affirmed, with costs and disbursements.